Mr. Justice Brennan,
dissenting.
This case presents once again the thorny problem of the power of a State to tax the gross receipts from interstate sales arising from activities occurring only partly within its borders. In upholding the Washington gross receipts tax the Court has, in my judgment, confused two quite different issues raised by the case, and in doing so has ignored a fatal defect in the Washington statute.
In order to tax any transaction, the Due Process Clause requires that a State show a sufficient “nexus between *582 such a tax and transactions within a state for which the tax is an exaction.” Northwestern States Portland Cement Co. v. Minnesota, 358 U. S. 450, 464. This question, which we considered in McLeod v. J. E. Dilworth Co., 322 U. S. 327, and Norton Co. v. Department of Revenue, 340 U. S. 534, is the most fundamental precondition on state power to tax. But the strictures of the Constitution on this power do not stop there. For in the case of a gross receipts tax imposed upon an interstate transaction, even though the taxing State can show “some minimum connection,” Northwestern States Portland Cement Co., supra, at 465, the Commerce Clause requires that “taxation measured by gross receipts from interstate commerce . . . [be] fairly apportioned to the commerce carried on within the taxing state.” Western Live Stock v. Bureau of Revenue, 303 U. S. 250, 256. See J. D. Adams Mfg. Co. v. Storen, 304 U. S. 307.
The Court recognizes that “taxation measured by gross receipts is constitutionally proper if it is fairly apportioned,” ante, p. 440. In concluding that the tax in this case includes a fair apportionment, however, the Court relies upon the fact that Washington has sufficient contacts with the sale to satisfy the Norton standard, which was formulated to meet the quite different problem of defining the requirements of the Due Process Clause.. See Part IV, ante. Our prior decisions clearly indicate that a quite different scheme of apportionment is required. Of course, when a sale may be localized completely in one State, there is no danger of multiple taxation, and, as in the case of a retail sales tax, the State may use as its tax base the total gross receipts arising within its borders. See McGoldrick v. Berwind-White Coal Mining Co., 309 U. S. 33. But far more common in our complex economy is the kind of sale presented in this case, which exhibits significant contacts with more than one State. In such a situation, it is the commercial *583 activity within the State, and not the sales volume, which determines the State’s power to tax, and by which the tax must be apportioned. While the ratio of in-state to out-of-state sales is often taken into account as one factor among others in apportioning a firm’s total net income, see, e. g., the description of the “Massachusetts Formula” in Note, 75 Harv. L. Rev. 953, 1011 (1962), it nevertheless remains true that if commercial activity in more than one State results in a sale in one of them, that State may not claim as all its own the gross receipts to which the activity within its borders has contributed only a part. Such a tax must be apportioned to reflect the business activity within the taxing State. Cf. my concurring opinion in Railway Express Agency v. Virginia, 358 U. S. 434, 446. Since the Washington tax on wholesales is, by its very terms, applied to the “gross proceeds of sales” of those “engaging within this state in the business of making sales at wholesale,” Rev. Code Wash. 82.04.270, it cannot be sustained under the standards required by the Commerce Clause.